ABRAHAM B. BUNN, and S. S. GOODE, Appellants, *v.* WILLIAM PRATHER, and MATTHEW SHEPPARD, Adm'rs of Charles H. Sheppard, deceased, Appellees.

APPEAL FROM MACON.

An attorney agreed with a father to institute proceedings for the division and sale of land held by the father and his daughter in common, and the father agreed to pay for such services $500.00 when the land should be sold and the purchase money become due, or the usual fee in case the attorney should fail to procure the division. The father died after an order for the sale had been entered by the court, but before the sale had taken place; and the guardian of the daughter had the suit dismissed: Held, that the attorney was only entitled to the usual fee for his services.

Where the law casts a duty on a party, the performance shall be excused by the act of God, but where a party by his own contract engages to do an act, it is deemed his own fault that he did not exempt himself from responsibility in certain events.

THIS was a suit commenced in the County Court of Macon county, by Bunn and Goode, on a written contract between them and Charles H. Sheppard, deceased, and by them appealed to the Macon Circuit Court at the November term, 1858, and tried by said court without the intervention of a jury, and judgment rendered for plaintiffs for $40.00, from which plaintiffs appealed.

The bill of exceptions shows that plaintiffs introduced in evidence the following contract:

ARTICLE OF AGREEMENT, Made and entered into by and between A. B. Bunn and S. S. Goode, of the city of Decatur, and State of Illinois, of the first part, and Charles H. Sheppard of the same place, of the second part, witnesseth, that the said party of the first part, for and in consideration of the sum of five hundred dollars to be paid by the said Charles H. Sheppard as hereinafter mentioned, have agreed and do hereby agree to commence and carry through the necessary legal proceedings for the partition and sale of the following described real estate owned by the said Sheppard and Ann Amelia Sheppard, his daughter, to wit:

The east half of the north-west quarter of section 4, the north-west quarter of section 5, and the south half of the north-east quarter of section 5, all in township 16 north, range 3 east of the third principal meridian, situate and being in the county of Macon and State of Illinois. Said proceedings to be commenced in the next July term of the Macon county Circuit Court. In consideration of which, the said Sheppard hereby agrees to pay to the said Bunn and Goode the sum of five hundred dollars, as soon as the land shall be sold and the purchase money for the same shall be due; and it is hereby agreed that if the said party of the first part should fail to get an order of court authorizing the sale of the said premises, then the said Sheppard is only to pay to said Bunn and Goode, the ordinary or usual fee for such services. In witness whereof, we have hereunto set our hands and seals, this 10th day of June, A. D. 1857.

A. B. BUNN, [SEAL.]
S. S. GOODE. [SEAL.]
C. H. SHEPPARD. [SEAL.]

Plaintiffs then offered in evidence the petition for partition filed in the Macon Circuit Court, in case of *Charles H. Sheppard,* v. *Ann Amelia Sheppard.*

Also the summons in said cause, and return of service.

Also order of court appointing *Guardian ad litem* for infant defendant.

Also answer of said *Guardian ad litem.*

Also order of court for the appointment of commissioners to make partition in said cause.

Also report of said commissioners.

Also the order of court directing the sale of said premises by the master in chancery of Macon county.

Also introduced a witness who testified that he was the publisher of the Illinois State Chronicle, a newspaper published in Decatur, Illinois, and that the notice of sale was duly published in his paper.

Also introduced an order of court, which shows that death of Charles H. Sheppard was suggested, and that said cause was dismissed from the docket upon motion of his personal representatives.

This being all the testimony for plaintiffs, the defendants thereupon produced a witness who testified that in the absence of any special contract, the services rendered by said Bunn and Goode in the said cause were worth the sum of $40.

The court rendered judgment in favor of plaintiffs for $40, whereupon the plaintiffs moved the court for a new trial, which was refused.

BUNN & GALLAGHER, for Appellants.

S. G. MALONE, for Appellees.

WALKER, J.    It is insisted by the plaintiffs that by the death of Charles H. Sheppard, they were excused from waiting for their money until the land should be sold and the purchase money should become due, as they had stipulated by their agreement.    Or, if they were not excused from waiting until that time by his death, that the dismissal of the proceeding for partition by the guardian of his daughter, after his death, had that effect.    It is a familiar principle of law, " That when the *law* casts a *duty* on a party, the performance shall be excused by act of God ; but when a party, *by his own contract,* engages to do an act, it is deemed his own fault and folly that he did not thereby expressly provide against contingencies, and exempt himself from responsibility in certain events ; and in such case, therefore, that is, in the instance of an absolute and general contract, the performance is not excused by an inevitable acci-

dent, or other contingency, although not foreseen, by or within the control of the party." Chitty on Contracts, 568. In this case the agreement to wait for the payment of the larger sum named in the contract, was absolute and unconditional. The plaintiffs were attorneys, and must have known, that in the event of the death of either the father or the daughter, that the tenancy in common existing between them in this land, would by that event terminate, and the survivor become sole seized of the land. And upon the happening of that event, they also must have known that there would not be such an estate in the survivor as the court could partition ; and knowing these facts, if they had desired to have avoided the contingency, they should have provided against it in their agreement. The duty, to wait until a sale of the land was procured under a decree of the court, was not imposed by the law, but was created by the agreement of the parties, and the death of Sheppard, although an inevitable accident or contingency, over which the plaintiffs had no control, did not excuse them from a compliance with their agreement.

Nor did the dismissal of the proceeding instituted for partition by the guardian after the death of Sheppard, in any manner change the rights of the parties. By the death of Charles H. Sheppard his undivided half of these premises vested by descent in his daughter, the other tenant in common, and she thereby became sole seized of the entire property. And when that event occurred, the court lost all jurisdiction of the subject matter, and could not make partition of the land, or its proceeds upon a sale. There was, then, but a sole interest in the land, and the fact that there had been a previous order of the court for the sale of this property unexecuted, did not affect the title, so as to prevent the father's interest from descending to the daughter. By the descent of the father's interest in the land to the daughter, and she becoming the sole owner, the proceeding for partition abated, and the formal dismissal of the proceeding by the guardian, was no more than striking it from the docket, which the court should have done on becoming satisfied of the death of the father. Nor was it in the power of the guardian to confer upon the court authority to proceed with the sale, in that proceeding. The law has vested him with no such authority, and his consent to a sale would not have availed anything. By the express terms of the agreement of the parties in this case, the five hundred dollars did not become due and payable until the land should be sold under the proceeding then to be instituted for a partition, and the purchase money become due under such sale ; and as that event has never occurred, the plaintiffs have no right to recover that sum.

*Judgment affirmed.*