ADELIA M. SMITH, Admx. etc.

*v.*

WILMINGTON COAL MINING AND MANUFACTURING CO.

1. ADMINISTRATOR—*power and right to execute contracts of intestate.* If a contract with a deceased party is of an executory nature, and his personal representative can fairly and sufficiently execute all that the deceased could have done, he may do so, and enforce the contract. The exceptions to the rule are, where the contract is of a personal character, or requires, in its execution, the exercise of peculiar skill or taste.

2. SAME—*responsibility in performing.* At common law, if an administrator undertakes to perform the contract of his intestate, it is upon his own personal responsibility, and if losses are sustained, he must bear them, and if profits are realized, they become assets in his hands for the benefit of the estate.

3. SAME—*effect of statute as to performance of contract by administrator.* The statute of this State has so far changed the rule at common law, that where the administrator performs a contract of his intestate under an order of the county court, the estate will be bound for any loss sustained, as well as entitled to any profits realized. But the statute has not changed the rule which authorizes the administrator to perform on his own responsibility, and if he performs without an order of court, he assumes the risk of losses.

4. CONTRACT—*continues after death of a party.* The death of one of the contracting parties does not put an end to the contract, and his estate is liable in damages for any breach after, as well as before his death.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

One Charles T. Smith, in his lifetime, had a contract with the Wilmington Coal Mining and Manufacturing Company that it would deliver to him three car loads of coal each week, from the 15th day of April, 1872, to the 15th day of October, 1872, at the rate and price of $3.75 per ton, and six car loads each week, from the 15th day of October to the 15th day of April, 1873, at the rate and price of $4 per ton.

It was proven the company entered upon the performance of the contract, and delivered all the coal it had agreed to deliver up to the 15th day of October, 1872. Smith died on the 11th day of October, 1872, but the company continued to deliver coal in fulfillment of the contract to the 15th day of October. The last car was ticketed or billed on the day last named, and the balance due defendant for coal delivered to that date was paid by plaintiff as administratrix. On demand being made by the administratrix, the company declined to deliver any more coal under the contract, placing its refusal mainly on the ground the death of Smith had put an end to the contract.

The finding in the court below was against plaintiff, and she brings the case to this court on appeal.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Messrs. PALMER & COLT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the trial the court held the law to be, and so instructed the jury, it must appear affirmatively, from the evidence, that plaintiff had been directed and authorized by the county court of the county in which administration was had, to carry out and perform the contract made with decedent, before any recovery could be had, unless there had been a breach in his lifetime; and on the latter branch of the case, the court instructed that Smith died on the 11th day of October, 1872, and there had been no breach of the contract before that time on the part of the defendant. The charge of the court is subject to the criticism, it assumes there had been no breach of the

contract in the lifetime of decedent on the part of defendant, but it is chiefly erroneous because of the proposition of law it asserts in relation to plaintiff's right to recover on the contract.

Text writers noting the decisions on this subject state the law to be, that when the contract with the deceased is of an executory nature, and the personal representative can fairly and sufficiently execute all that deceased could have done, he may do so, and enforce the contract. Parsons on Contracts, vol. 1, p. 131*, 6th Ed. Common law authorities sustaining the doctrine are: *Saboni* v. *Kirkman*, 1 M. & W. 418; *Wentworth* v. *Cook*, 10 A. & E. 42. Exceptional cases are, when the contract is of a personal character, or requires, in its execution, the exercise of peculiar skill or taste. But when the administrator undertakes to perform the contract of his intestate, it is upon his personal responsibility, and if losses are sustained, he must bear them, and if profits are realized, they become assets in his hands for the benefit of the estate. Such were the liabilities the common law imposed upon the administrator assuming to execute the contract of the decedent.

Our statute provides, " all contracts made by the decedent may be performed by the executor or administrator, when so directed by the county court." But it is apprehended this statute does not change the common law on this subject, except in one particular. Without this enabling statute the executor or administrator could not bind the estate, nor relieve himself from personal responsibility, but under its provisions, when directed by the county court to perform the contract, the estate may be charged with all losses that may be incurred, as well as receive all benefit of any profits that may be realized, and in that way the executor or administrator may be relieved from all personal responsibility.

In this case the county court did not direct the administratrix to perform the contract of decedent, but she chose to perform it for the benefit of the estate. Of course, it was optional with her, whether she would take upon herself that burden and risk, but it was her privilege under the law, if she

chose to do so.   It does not lie in the mouth of defendant to object.

It is a misapprehension of the law to suppose the death of one of the contracting parties put an end to the contract. For any breach after, as well as before, the death of such party, his estate would be liable to respond in damages.   It is conceded, the county court could have directed the administratrix to carry out the contract made with decedent.   The admission implies the continued existence of a valid contract, and for any breach thereafter, the administratrix might maintain an action.   But, in our view of the law, she had that right independently of the statute, taking upon herself all the risk incident to the further execution of the contract.

On account of the erroneous instruction given, the judgment will be reversed and the cause remanded.

*Judgment reversed.*