B. M. SHAFFNER

v.

JUSTUS KILLIAN.

</div>

CONTRACT—RESCISSION—QUANTUM MERUIT.—Where one of the contracting parties refuses to perform, or by his act incapacitates himself from performing on his part, such refusal or act will be equivalent to a rescission of the contract, and the other party, may if he choose, treat the contract as rescinded, and recover for services already performed, upon a *quantum meruit*.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed January 4, 1881.

Shaffner, as attorney at law, filed his petition in the chancery case in which Killian had been appointed receiver of the German-American Bank, to be allowed the sum of $495.25 for legal services and disbursements in the matter of the receivership.

Killian filed a cross-petition, alleging the collection by Shaffner, as such attorney, of the sum of $475 belonging to the estate of the bank, praying that he be required to pay it over to him as such receiver, less $50, to which Shaffner was entitled as commissions.   The case was heard upon evidence, without any answers being filed to petitions.   The legal services were rendered in respect to four several claims of the bank, they being respectively against one Schultz, Hoffman, Moessinger, and the estate of Huck, all of which, as it appears, were put by Killian into Shaffner's hands at the same time and under a special agreement.  The conflict of testimony was as to what that agreement was.   Shaffner testified that he was to have the usual fees, but which were to be paid only out of moneys collected.    He testified to services rendered under such employment, and what they were reasonably worth, as far as he was permitted to proceed under such employment, but that while he was proceeding in his endeavors to get a judgment against Hoffman, the amount claimed being one thousand dollars, Killian, without any just cause, dismissed him from the service, and required him to turn over all the papers, etc., to other attorneys.   The amount proved by Shaffner upon a *quantum meruit* amounted to more than the sum in his hands.

Killian, on the other hand, admits putting said claims into Shaffner's hands for collection, but testified that a special agreement was made at the time that Shaffner was to receive as compensation ten per cent. on the large and fifteen per cent. on the small claims.   In this he was corroborated by one Haller, who was present.   Killian, however, does not deny discharging Shaffner before the employment was completed, or pretend to justify it, or contest the value of his services.   The court below denied Shaffner's petition and granted that of Killian, making an order that the former be allowed $50.00 as commissions on the sums collected, and that he be required to pay over to Killian $420.25.   Shaffner appealed to this court.

Mr. B. M. SHAFFNER, *pro se,* that the agreement, if as claimed by appellee, is champertous and consequently void, cited Scobey v. Ross 13 Ind. 117; Thompson v. Reynolds, 73 Ill. 11.

If a party would rescind a contract, he must do so *in toto* or not at all: Jennings v. Gage, 13 Ill. 611; Buchanan v. Horney, 12 Ill. 336.

Mr. GEO. F. BLANKE, for appellee; that a separate appeal will not be allowed in regard to a separate claim upon the fund in the hands of a receiver, cited Adams v. Woods, 8 Cal. 306.

Expenses not necessarily incurred for the benefit of the estate committed to the charge of a receiver, will not be allowed by the court : High on Receivers, § 799.

McALLISTER, P. J.   It is indisputable that the court below confined Shaffner's allowance for legal services to commissions, according to the terms of the special agreement, as set up and testified to by Killian, the receiver. It may be true, also, as argued by appellee's counsel, that the fact of Shaffner having taken the four respective claims in favor of the bank for collection under such special agreement as to compensation by way of commissions at the rate of ten per cent. on the large claims collected, and fifteen per cent. on the small ones, is supported by a preponderance of the testimony as presented by this record.   But the testimony is undisputed that these claims were all put by the receiver into Shaffner's hands for collection at the same time, and were all embraced in that special agreement.   The contract, assuming it to have been so made, was, therefore, an entire contract of employment, embracing all the claims placed in the attorney's hands at that time.   The testimony is also uncontradicted, that before the services for which the attorney was so employed were completed, the receiver discharged him from such employment without even the pretense of any just cause for so doing.

It is an established rule of law, that where one of the contracting parties in such a case shall absolutely refuse to perform, or shall, by his own act, incapacitate himself from performing his part of the contract, such refusal or act will be regarded as equivalent to a consent on his part to a rescission of the contract, and the other contracting party may, if he choose, so treat it, rescind the contract, and if he have done

anything under it, may immediately sue for compensation on a *quantum meruit.* Cutter v. Powell, 2 Smith's Lead. Cas. 7th Am. Ed. pp. 43, 44, and cases there cited.

That is precisely what Shaffner was authorized to do, and what he virtually did. He proved up his compensation on a *quantum meruit,* and it amounted to as much at least as the sum he had in his hands. That evidence was uncontradicted. But the court confined him to commissions at the rates above specified, so far as he had gone under said employment, wholly disregarding the wrongful discharge by Killian. This was error, for which the decretal order appealed from must be reversed.

<div align="right">Reversed and remanded.</div>