## Southern Pacific Company v. American Well Works.

1. PLEADING—*Special Contracts—Under the Common Counts.*— Where a special contract has been terminated by the fault of the defendant, if the plaintiff is entitled to recover at all for what he did under it (not including damages for being prevented from doing more or for being hindered in what he did) he may do so under an appropriate common count.

**Assumpsit**, under a special contract. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

SMILEY & CLARK, attorneys for appellant; BAKER, BOTTS, BAKER & LOVETT, of counsel.

Hoyne, Follansbee & O'Connor, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

This is a controversy about excavating and supplying apparatus for wells. There is not an exception to any action of the court in admitting or rejecting evidence during the trial, alluded to in the appellant's brief.

The just inference is, that the trial was fair and that court and counsel behaved like gentlemen.

The court, to the extent of two and one-half pages of the printed abstract, at the request of the appellant, charged the jury in many respects more favorably to the appellant than at first blush seems justifiable, and covering every point of defense against the claim of appellee that could be urged. There is nothing before us in effect, except the question whether the jury found the right verdict upon the evidence, and upon that question the rule applies that verdicts upon conflicting evidence stand.

There were in all four wells. As to three of them, the defense against the claim of the appellee was that they had been paid for, partly in cash and partly by deductions which were acceded to by the appellee in settlement of disputes; all of which was in dispute upon the trial. As to the other well, the defense was that there was a special contract, which the appellee did not perform. That was not denied by the appellee, but it insisted that the fault was with the appellant, all of which was also in dispute upon the trial.

Now, the appellant urges that the special counts upon the contract are not proved, and that for what was done by the appellee, no recovery can be had upon the common counts.

As we understand the law, if the appellee is entitled to recover at all for what it did (not damages for being prevented from doing more, or for being hindered in what it did), it may do so under an appropriate common count. Butts v. Huntley, 1 Scam. 410; Shaffner v. Killian, 7 Ill. App. 620; Parmly v. Farrar, p. 624, this volume.

The judgment must be affirmed.