### Harry S. Mecartney v. Estate of Thomas Carbine.

1. PRESUMPTIONS—*That the Parties to a Contract Bind Their Personal Representatives.*—It is a presumption of law that the parties to a contract bind not only themselves, but their personal representatives.

2. CONTRACTS—*Where Not Personal, Administrator May Perform.*—When the personal representative can fairly and sufficiently execute all that the deceased could have done, he may do so and perform the contract. He may be directed by the Probate Court to perform it or he may upon his own responsibility and risk undertake to do so for the benefit of the estate.

3. PRINCIPAL AND AGENT—*Agency Not Coupled with an Interest Revoked by Principal's Death.*—A mere agency not coupled with an interest is revoked by the death of the principal.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed June 13, 1903. Rehearing denied July 14, 1903.

In his lifetime, Thomas Carbine and appellant made an agreement which is substantially set forth in the following letter :

"CHICAGO, 6–8, 1895.

THOMAS CARBINE, ESQ., 300 WASHINGTON BOULEVARD, CITY.

DEAR SIR :—I have written out the statement in full of the 63d street cases for damages and shall proceed promptly to enforce them. As I suggested to you, I would here record our verbal agreement to-day made by your suggestion that I am to undertake the cases against the Illinois Central, the city and the Alley "L," and to push them with all reasonable dispatch, etc.; that you are to pay the costs and cash advances for witness and expert fees, if any, and incidental and necessary expenses, etc.

I am to perform the work and will take a contingent fee of twenty-five per cent, or one-fourth of the total amount that may be recovered, either by suit or compromise. I think this is probably enough for our purpose.

Truly,
H. S. MECARTNEY."

Appellant, in accordance with the letter, undertook the three cases mentioned therein and pushed them with all reasonable dispatch. In the case against the city a trial

was had and a verdict for the plaintiff for $1,000 was obtained, which verdict was set aside and a new trial granted by the court. The case against the Illinois Central Railroad came on for trial with the result that the court instructed the jury to return a verdict against the plaintiff, which was done. Thereafter a new trial was, upon motion of the plaintiff, granted.

Upon the second trial the plaintiff obtained a verdict against the Illinois Central Railroad Company for $7,750. This was shortly before the death of Thomas Carbine, who died November 29, 1899.

Mary F. C. Bluhm and Charlotte E. Newburn were appointed administratrices of the estate of Thomas Carbine, December 8, 1899. The administratrices authorized appellant to appear for them in the case against the Illinois Central Railroad Company for the purpose of arguing the motion for a new trial made by the defendant, the Illinois Central Railroad Company. This he did. The trial court granted the motion for a new trial. The case against the Alley " L " road has never been tried, it being thought best by appellant to wait for the result of several similar cases being prosecuted against the Alley " L " road.

The administratrices, April 6, 1900, notified appellant that they had asked their attorneys to substitute themselves in the place of appellant as attorneys of record in all of the three cases.

During the life of Mr. Carbine developments were made indicating that an attempt had been made to bribe the jury before whom one of the trials in the case of Carbine v. Illinois Central Railroad Company was had. There was, upon the hearing of the claim of appellant against appellee, evidence tending to show that Mr. Carbine had employed appellant to investigate the matter of such suspected bribery and to prosecute those guilty thereof; that this he did; for which service appellant claimed the sum of $483.61.

Upon the trial of the present case it was agreed that the administratrices were substituted as parties plaintiff in each

of the three cases which appellant undertook to prosecute and that they caused the firm of Glenn & Schryver to be substituted for the firm of Oliver & Mecartney as attorneys for the plaintiff therein, and that all costs advanced by appellant in said three cases have been paid, except those incurred subsequent to the death of Mr. Carbine.

Appellant, having been so substituted, filed in the Probate Court against the estate of Thomas Carbine a claim for his service, such claim being in the nature of an action of assumpsit for *quantum meruit.*

At the hearing plaintiff introduced evidence showing the nature of his services, the time devoted by him and his assistants to the prosecution of the three cases, as well as that done by him in the matter of the alleged jury bribing, and introduced testimony tending to show that the fair and reasonable value for such services was several thousand dollars.

Plaintiff filed in the Probate Court a claim against the estate of Thomas Carbine for the sum of $5,352.32. From the judgment of the Probate Court an appeal was taken to the Circuit Court, where, upon hearing, the court allowed appellant only the sum of $40.50.

The court in rendering its decision said as follows:

" This is an appeal from the Probate Court to this court, and I think this case, so far as the law is concerned, resolves itself to one not of contract, but of agency; and I therefore will hold that, Carbine having died, the agency terminated, and find for the defendant."

JOHN S. BROWN, attorney for appellant.

GLENN & SCHRYVER and BLACK & BLACK, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Few questions are of more frequent occurrence or of more practical importance, while at the same time so difficult to solve, as those in which the dispute is as to the rights of the respective parties under an action brought by one

who has entered into a special contract, a part of which remains unperformed.

The agreement between Carbine and appellant was not a mere employment of an agent. It was an undertaking on the part of appellant to do certain things involving much study, skill and labor, his compensation to be one-fourth of all he recovered.

The right to make use of the name of Carbine as plaintiff in these suits undoubtedly terminated with his death; a suit can not be prosecuted in the name of a decedent. Whether a court of equity would not upon proper terms have given to him the right to prosecute a suit in the name of the administratrices, the suit revived by them, it is unnecessary to discuss.

It is a presumption of law that the parties to a contract bind not only themselves, but personal representatives. Chitty on Contracts, 11th Am. Ed., 138, 1076.

When the personal representative can fairly and sufficiently execute all that the deceased could have done, he may do so and perform the contract. If the contract entered into by a deceased is of a personal character requiring qualities peculiar to him, as his personal taste or skill, the personal representative is not at liberty to undertake its execution. As to contracts not of a personal nature the administrator may be directed by the Probate Court to perform them or he may upon his own responsibility and risk undertake to do so for the benefit of the estate. Smith v. Wilmington Coal Co., 83 Ill. 498.

A mere agency not coupled with an interest is revoked by the death of the principal. Parsons on Contracts, Vol. 1, p. 71, 6th Ed.; Gilbert v. Holmes, 64 Ill. 548–560; Bishop on Contracts, Sec. 1051.

In Wylie v. Coxe, 15 Howard, 415, the Supreme Court of the United States held that an agent employed to prosecute a claim against the government of Mexico, for a compensation of five per cent of the amount recovered, having rendered service under such employment, had a lien upon the fund awarded after the death of his principal and

after he had been dismissed by the widow and executrix of the claimant. The court said:

"The relation of administrator enabled the defendant to control the case and dispense with the further services of the complainant; but he had no power to annul the contract, if made *bona fide* by the complainant and the business had been faithfully prosecuted by him."

We do not regard the action of the court in Wylie v. Coxe as inconsistent with that of the same tribunal in Hunt v. Rousmanier's Adm'rs, 8 Wheaton, 174.

So far as appears from the record, the proper carrying out of the contract and the benefits to accrue therefrom to the respective parties were not dependent upon the continued existence of Mr. Carbine. If the life of Mr. Carbine was essential to the performance of the contract it was terminated by his death.

Under the view entertained by the Circuit Court, the question of damage, if any, which the plaintiff might recover was not considered; we therefore express no opinion as to the proper measure of damages under any of the various conditions which upon another trial may be made to appear.

The following authorities throw some light upon the rule as to damages which may be applied in cases of a partial performance of a contract. Duke v. Harper, 8 Mo. App. 296; Moyer v. Cantieny, 41 Minn. 242; Webb v. Trescony, 76 Cal. 621; Shaffner v. Killian, 7 Ill. App. 620; Bunn v. Prather, 21 Ill. 217; Callahan v. Shotwell, 60 Mo. 398; LaBauves v. McCabe, 34 La. Ann. 183; Parsons on Contracts, 6th Ed., Vol. 2, 517–520; Western Union Tel. Co. v. Semmes, 73 Md. 9; Agnew v. Walden, 84 Ala. 502; Am. & Eng. Ency. of Law, 2d Ed., Vol. 1, pages 590, 1115–1116; Vol. 3, p. 427; Sedgwick on Damages, Sec. 672; Hawk v. McCullough, 21 Ill. 217; Mount Hope Cemetery Co. v. Weidenmann, 139 Ill. 67; Ryan v. Dayton, 25 Conn. 188, 193.

Appellant is entitled at all events to recover for such services as may have been rendered in the matter of the alleged jury bribing whatever such services were reasonably worth.

The judgment of the Circuit Court is reversed and the cause remanded.

OPINION PER CURIAM.

A petition for rehearing has been filed in this case, which has been considered by the court as constituted since the original opinion was filed. The opinion has been slightly modified, but the petition for rehearing must be and is denied.