(No. 14056.—Judgment affirmed.)

GLADYS PHELPS, Appellee, *vs.* SCHOOL DISTRICT No. 109, Appellant.

*Opinion filed February 22, 1922.*

1. SCHOOLS—*when closing of school does not suspend salary of teacher.* A school district is relieved of its liability under a contract with a teacher where performance is rendered impossible by act of God or the public enemy, but where the school is closed for some time on account of a contagious disease and the teacher is ready and willing to teach, the district, in the absence of anything to the contrary in the contract, is liable for her salary for such period, whether school was closed by the school authorities or by order of the State Board of Health.

2. CONTRACTS—*when party is not excused from performance of contract because of impossibility.* If performance of a contract is legally impossible it is unenforceable, but where a party enters into a lawful contract without qualification, performance is not excused because by inevitable accident or other contingency not an act of God or the public enemy it becomes impossible for him to do that which he agreed to do.

STONE, C. J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wayne county; the Hon. J. C. EAGLETON, Judge, presiding.

MILLS & FORTH, for appellant.

HERBERT F. KERR, (CARROLL C. BOGGS, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal, on a certificate of importance, from a judgment of the Appellate Court affirming a judgment of the circuit court for $100 in favor of appellee. Appellee is a school teacher and was regularly employed by appellant to teach school at a salary of $50 per month. It is stipulated that during two months of the period for which she

was employed the school was closed by order of the State Board of Health on account of the influenza epidemic; that she was ready and willing to teach during all the time and did teach fourteen days of said two months and regularly made and filed schedules as provided by law. She claimed pay for the entire two months the school was closed. Appellant refused payment and tendered her $33 for the fourteen days she actually taught. She refused to accept it and sued for $100,—the salary for the two months. It was stipulated "that the only question to be determined is whether a teacher so employed is entitled to compensation when prevented from teaching because of the school being closed because of a public epidemic, while the teacher is ready, able and willing to teach."

The general rule established by all the decisions is, that where performance of the contract is rendered impossible by act of God or the public enemy the district is relieved from liability, but where the school is closed on account of a contagious disease or destruction of the school building by fire, and the teacher is ready and willing to continue his duties under the contract, no deduction can be made from his salary for the time the school is closed. *Gear* v. *Gray,* 10 Ind. App. 428; *Dewey* v. *Alpena School District,* 43 Mich. 480; *Libby* v. *Douglas,* 175 Mass. 128; *Randolph* v. *Sanders,* 22 Tex. Civ. App. 331; *Smith* v. *School District,* 89 Kan. 225; *Board of Education* v. *Couch,* (Okla.) 6 A. L. R. 740; *McKay* v. *Barnett,* 21 Utah, 239; 35 Cyc. 1099.

Appellant contends the above rule only applies where the school is closed by the school authorities and has no application where the school is closed by order of the State Board of Health. It is argued that the statute of this State gives the State Board of Health supreme authority in matters of quarantine for the preservation of the public health, and makes it the duty of local boards and officers to enforce the rules and regulations established by

the State Board of Health and provides penalties for a refusal to obey such rules and regulations; that the order closing the school was in obedience to the authority of the State Board of Health and was not the voluntary act of appellant, and such closing of the school released appellant from liability during the suspension of the school. In the Michigan, Massachusetts and Utah cases the schools were closed by the school authorities and all of them announced the general rule above stated. The Supreme Court of Michigan said in the case above cited, that the closing of the school was wise and timely but afforded no defense to the action of the teacher for salary during the time it was closed; that to relieve the district of liability it must appear performance of the contract was made impossible by act of God. The court said the contract was positive; that it did not stipulate the right to discontinue the pay of the teacher if the school was closed to prevent the spread of a contagious disease in the community and it could not be regarded as subject to such a condition. In *Libby* v. *Douglas, supra,* the school was closed by the school authorities on account of an epidemic of diphtheria. The court held the district was liable to the teacher for the time the school was suspended. The court said the defendants might have stipulated against liability in such a contingency, but in the absence of such a stipulation the teacher was entitled to recover. In *Gear* v. *Gray, supra,* the school was closed by order of the county board of health on account of an epidemic of diphtheria, and the court held the teacher was entitled to recover for such time. The court referred at length to *Dewey* v. *Alpena School District, supra,* and said: "It seems to us that if this case is well considered, (and we think it is,) it can make no difference whether the order was made by the school authorities themselves or by the board of health. In either case it will be presumed that it has been properly made until the contrary appears. But the closing of a school by the order of a school board

or a board of health is not the act of God, however prudent and necessary it may have been to make such order. It was one of the contingencies which might have been provided against by the contract but was not." In *Board of Education* v. *Couch, supra,* the school was closed by the board of health acting under authority conferred by statute on account of an epidemic of small-pox, and a teacher sued for his salary for the time the school was closed. The board of education set up as a defense that the school was closed by the board of health having legal authority to do so; that such order rendered the performance of the contract illegal for both parties and that no recovery could be had for the time the school was closed. The court held that in the absence of a stipulation in the contract that the plaintiff should have no compensation during the time the school was suspended by the board of health the district was liable. The same ruling was made in *Randolph* v. *Sanders, supra,* where the school was temporarily closed by authority of the health officers of the State, city and county. *Montgomery* v. *Board of Education,* (Ohio) 131 N. E. 497, was a case where the board of education made a contract with a person to convey pupils to and from schools for eight and one-half months. The school was temporarily closed, pursuant to an order of the local board of health, on account of an epidemic of influenza, and plaintiff claimed pay for the time the school was closed. The court said that the view that he was entitled to pay during that time was amply supported by reason and authority; that the same rule applied as in the case of a teacher and that the contingency might have been provided against by the contract, but that the law would not insert by construction an exception for the benefit of one of the parties which they had omitted from the contract.

None of the cases which have been above cited from other States where the question has been passed upon has

made any distinction between a case where the school was closed by the school authorities and where the school was closed by a board of health having the authority to do so. Both parties are presumed to have known when the contract was made that the State Board of Health had authority to order the school to be closed if an epidemic occurred which rendered such action necessary for the protection of the lives and health of the people of the community. Neither one of them could know whether such a contingency would arise during the period covered by the contract. If appellant had desired to be relieved of liability in the event such a contingency arose and caused the school to be closed it could have accomplished that result by so stipulating in the contract. No such qualification was placed in the contract but it was an unconditional contract of employment for a definite period at $50 per month. It was no fault of appellee that the school was closed a portion of the time she was employed to teach, neither was it the fault of appellant. Someone was required to suffer loss resulting from an unforeseen contingency which caused the school to be closed, and the rule is that the loss will rest on the party who has contracted to bear it, for if he did not intend to bear it he should have stipulated against it. If the performance of the contract had been legally impossible it would have been unenforcible, but its performance was not legally impossible. When made, the contract was lawful and valid. Its performance was rendered impossible by the subsequent happening of a contingency which could not be foreseen or known when the contract was made, and the rule is that if one of the parties desires not to be bound in the event of the happening of such a contingency he must so provide in the contract. The general doctrine is well settled that when a party contracts to do a thing without qualification, performance is not excused because by inevitable accident or

other contingency not foreseen it becomes impossible for him to do that which he agreed to do. (*Lorillard* v. *Clyde*, 142 N. Y. 456; *Harmony* v. *Bingham*, (N. Y.) 62 Am. Dec. 142; 3 Elliott on Contracts, sec. 1891.) This rule, so far as we are informed, has been universally applied to cases where a school house was destroyed by fire during the period for which the teacher was employed. Unless it was otherwise stipulated in the contract the district was not relieved from liability to pay the teacher. Another illustration of the application of the rule is, that in absence of a provision in the lease of a building to the contrary the destruction of the building does not discharge the tenant from liability to pay the rent for the full term. Here the school was closed for the protection of the lives and health of the people of the community against the spread of a contagious epidemic, and whether such closing was by order of the school authorities or of the board of health, it was lawful. That the school might be closed on that account was a contingency that might happen, and whether the school authorities took the initiative or whether it was done by action of the board of health does not alter the rights of the parties to the contract. It works no hardship on anyone to require school authorities to insert in the contract of employment a provision exempting them from liability in the event of the school being closed on account of a contagious epidemic. As said by the Supreme Court of Ohio, courts will not insert by construction, for the benefit of one of the parties, a condition which they have omitted from their own contract.

The judgment is affirmed.          *Judgment affirmed.*

Mr. CHIEF JUSTICE STONE, dissenting.