# CASES

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1923.

\

## R. H. McWilliams and G. A. McWilliams, Defendants in Error, v. Eldred Drainage and Levee District, County of Greene, State of Illinois, Plaintiff in Error.

1. BUILDING AND CONSTRUCTION CONTRACTS—*when performance of contract for levee construction not excused.* A contractor who has agreed to build a drainage district levee according to certain plans and specifications and in a specified place cannot recover the full contract price where the district was compelled to rebuild a section of the levee to bring it up to specifications, and it is immaterial that in such section the foundation was soft and the materials used were inadequate and would not stay in place where the contractor was not restricted to the use of materials to be found there but could secure them elsewhere.

2. BUILDING AND CONSTRUCTION CONTRACTS—*right to set off reconstruction cost after default.* In an action by contractors for the contract price for constructing drainage district levees, the district is entitled to show that the contractors abandoned the work and did not complete it according to plans and specifications, that the district was compelled to complete it and what the necessary cost and expense of such work of reconstruction amounted to.

Error by defendant to the Circuit Court of Greene county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 17, 1923. Rehearing denied April 3, 1923.

(91)

McWilliams et al. v. Eldred D. and L. District, 229 Ill. App. 91.

RUSSELL MOTT and F. A. WHITESIDE, for plaintiff in error.

J. C. BOWMAN, T. I. McKNIGHT, EDWARD C. CRAIG, DONALD B. CRAIG and FRED H. KELLY, for defendants in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is a suit in assumpsit, commenced in the circuit court of Greene county by the defendants in error, R. H. McWilliams and G. A. McWilliams, against the plaintiff in error, the Eldred Drainage and Levee District, which is located in Greene county. The suit was brought to recover a balance claimed by the defendants in error to be due them as contractors, for the building of a levee along the Illinois river in the drainage district referred to. The defendants in error as plaintiffs filed a declaration setting forth their claim, in five counts, and adding the common counts. In defense, the general issue was filed, and a number of special pleas, which involve a claim for damages by the plaintiff in error for delay in constructing section 7 of the levee; also damages resulting to it on account of the alleged failure of defendants in error to complete sections 2 and 7; also a plea of set-off, in which it is averred the plaintiff in error is entitled to recoupment because it had to incur certain expenditures in order to complete the levee after the defendants in error had failed to complete it. There was a trial by jury which resulted in a verdict and judgment in favor of the defendants in error for $6,323.33. This writ of error is prosecuted to review the judgment.

The evidence discloses the following facts: That the defendants in error, as contractors, entered into a written contract with the plaintiff in error on January 21, 1910, to construct the levee and ditches in

the drainage district referred to, according to certain plans and specifications which were attached to and made part of the contract and which divided the work into eight sections. This controversy relates chiefly to sections 2 and 7. The main question involved is whether the defendants in error actually completed section 7 in accordance with the plans and specifications; also whether the defendants in error, under the physical conditions prevailing at the place where section 7 was located, were legally obligated to complete the same. Concerning the latter phase of the case, it is contended by the defendants in error "that with the material, and what was there, it is impossible to construct a levee so that it would stand; and that it was impossible to build a levee at this place so that it would stand to the height required by the plans, specifications and profiles, on the right of way with the machinery and equipment required to be used, and with the material required to be used." The defendant in error McWilliams in his testimony describes the material as follows: "In section 7, between stations 910 and 920, through this slough there was a class of material where the right of way was and where we had to dig the dirt, the earth from, and it was very soft, and in a dry time seemed to form a crust over it, and when you would go over it, it would break through just like a man breaking through the ice; it seemed unable to carry the weight, and it was not a fit place to build a levee. The ground didn't seem to be able to support it." The defendants in error did their final work of construction on section 7 on October 10, 1913, and at that time apparently brought it up to the grade required by the specifications; then they quit work, insisting that they had performed their contract; but the levee did not stay up in place at the required height; almost immediately it commenced to sink down, until it was far below the stipulated height. Afterwards the

plaintiff in error finished the construction of this part of the levee by having it brought up to the required height and permanency.

The court instructed the jury in instruction No. 16 that while the defendant had introduced evidence as to what it would cost to rebuild the levee, yet that question was immaterial, and the jury would not have to pass on it if they believed from the evidence that it was impossible for the plaintiffs to build the portion of the levee in question at the place in question, so that it would stand to grade with the required slopes, with the material there at the place in question, and with the means to be used by the defendants in error. This instruction is based on the erroneous assumption that if it was impossible for the defendants in error to build section 7, so that it would stand to grade, with the material located at that place, and the means which the defendants in error could use, that the defendants in error would not be liable under this contract for failing to complete section 7. The legal rule involved here is clearly stated in *Summers v. Hibbard, Spencer, Bartlett & Co.*, 153 Ill. 102: "The general doctrine is that where parties, by their own contract and positive undertaking, create a duty or charge upon themselves, they must abide by the contract and make the promise good, and either do the act or pay the damages." To the same effect is *Steele v. Buck*, 61 Ill. 343; *Dehler v. Held*, 50 Ill. 491; *Bunn v. Prather*, 21 Ill. 217. And in the recent case of *Phelps v. School District*, 302 Ill. 193, the rule is substantially reiterated. It is there said that: "The general doctrine is well settled that when a party contracts to do a thing without qualification, performance is not excused because by inevitable accident or other contingency not foreseen it becomes impossible for him to do that which he agreed to do." See also, 13 Corpus Juris 638. Concerning the material to be used in the construction of the levee, the contract

requires that: "Only clean earth, free from trash and roots, shall be placed in the levee. Such earth shall be procured from the river side of said levee as the engineer may direct." It will be noticed that the contract does not require that the contractors should necessarily use the material found right at the place where section 7 was located; but might procure material from the river side anywhere along the levee. Inasmuch as the defendants in error had procured material along the river side of the levee to properly construct the other sections, the natural inference would be that there was other material within reach which could be used by them under the terms of the contract, and suitable for permanent construction. Instructions 17 and 18 both assumed that if the defendants in error could not get the proper material at the particular place where section 7 was to be constructed, they could not be required to get material from other places along the levee where proper material could be found. Instruction 18 also contains the assumption that there was a fault in the plans for the levee, because of which material used in the levee could not be made to remain in place. Whether the foundation for the levee was a proper one or not was not an issue in the case, and as pointed out in the authorities cited, even though the foundation had to be built on swampy ground, it would not release the defendants in error from the legal obligations they assumed in entering into the contract. It was proper matter of proof by the plaintiff in error that the defendants in error had abandoned their work and had not, in fact, completed it, and that it was necessary for the plaintiff in error, in order to complete it in accordance with the requirements of the plans and specifications, to have the work done by the others, and what the necessary cost and expense of such work of completion was. *Keeler v. Herr,* 157 Ill. 57; *Evans v. Howell,* 211 Ill. 85;

*Concord Apartment House Co. v. O'Brien*, 228 Ill. 360; *Mason v. Griffith*, 281 Ill. 246.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*