(No. 2064—▮▮▮▮▮▮)

DUNGEY AND COCHRAN CONSTRUCTION COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

DUNGEY AND COCHRAN CONSTRUCTION COMPANY, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This is a claim for freight charges incurred by claimant in shipping contractor's equipment from Carondelet, Missouri to the site of the proposed road project at Stubblefield, Illinois; for expense incurred in loading and unloading such equipment and for overhead expense in connection therewith,

consisting of telephone tolls, food and lodging. Also included in said claim is an item of $320.00 salary of the claimants, president and secretary-treasurer, at $10.00 per day each for eight days, all as appearing in the Bill of Particulars filed in said cause. Plaintiffs filed their claim herein on January 11, 1933. Motion to dismiss same was filed by the State, and on August 1, 1934, plaintiffs filed their amended complaint with the clerk of this court. The case is submitted on stipulation of facts. From same it appears that claimant was awarded a certain contract by the Department of Public Works and Buildings, Division of Highways, State of Illinois on State Bond Issue Route No. 11, near Stubblefield, Bond County, Illinois, on a bid of Two Hundred Two Thousand Four Hundred Twenty-five and 40/100 Dollars ($202,425.40) and claimant was so advised by the department under date of June 28, 1932.

The facts are not in dispute. The claimant immediately upon receiving notice of the award proceeded to arrange for said work and shipped certain machinery and supplies to Stubblefield, Illinois, for such construction work; that on July 6, 1932, when actual work was about to start, a large crowd of men appeared and by threats and intimidations stopped the work; that the same thing happened on July 8th and July 12th; that because of said conditions, the claimant could not proceed with the work. A formal contract had not been executed, nor a bond given to guarantee the fulfillment of said contract. The claimant, on the 13th day of July, 1932, made application to the Highway Department to cancel the award previously made to claimant and at the same time waived any and all claims for damages resulting from delay or from cancellation of the award, but reserved the right to present, at the proper time, their itemized claim for incidental expense incurred in moving equipment to said project. The Highway Department thereupon annulled the award and waived a forfeiture of the proposal guarantee. Thereupon, on January 11, 1933, a claim was filed in the Court of Claims for the sum of Seventeen Hundred Fifty-two and 50/100 Dollars ($1,752.50).

The claimants in this cause, according to the affidavit filed by them with the Highway Department on July 13, 1932, state that prior to submitting their bid on the project in ques-

tion, they made a personal investigation as to the local conditions existing at that time, and with the information so obtained submitted their bid to the Highway Department, and presumably the contract in question was a favorable one for the respondent. If respondent had refused to withdraw the award upon the request of claimant and had insisted that the claimant solve its labor troubles and proceed with the work, the claimant would have had to so do or upon its failure, the respondent would have had a right of action against claimant on the proposal bond given by the claimant with its bid.

The general doctrine is that where parties by their own contract and positive undertaking create a duty or charge upon themselves, they must abide by the contract and either render performance or pay the damages. *McWilliams* vs. *Eldrid Dist.*, 229 Ill. App. 91-94 (cases cited). The State, in entering upon contracts of this nature, does not insure those making proposal bids that no labor trouble or unforeseen difficulties will arise. A person making the contract to do such work may stipulate against strikes, walk-outs, unfavorable weather, etc., and in that way insure himself against loss from such causes. The claimant was released from its bid. There is no legal right existing against the State for damages or reimbursement by claimant, and even under the often abused extension of the rule of equity and good conscience, it appears that the State in releasing claimant under the award and waiving any forfeiture thereunder has acted in a fair spirit and should not now assume the burden of such incidental expense as was incurred by claimant in connection with its bid.

Motion to dismiss claim is allowed. Case dismissed.