

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Artie Stephens
County Attorney
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. O-4340
Re: Liability arising under teach-
er's contract after destruction
of school building by fire.

We have received your letter of recent date, which
we quote in part as follows:

"We would appreciate an opinion relative to
the validity and propriety of paying school teach-
ers, under the following conditions:

"A negro school in Hopkins County, with white
trustees, employed two teachers to teach a term
of school for the school year 1941-1942, and on
the date that the school was to begin, or the day
thereafter, such school building in which negro
children were to be taught, was completely de-
stroyed by fire. Since that date such building
has not been replaced, nor efforts to replace same
begun. Efforts to secure another building within
which to teach the negro children have been futile.
Since the date of the burning of the building, the
teachers have been otherwise unemployed and stood
in readiness to teach in accordance with their
contract with the trustees, and properly approved
by the county Superintendent. The school has not
been permanently closed for such purpose, or aban-
doned by the officials thereof.

". . . ."

We assume that the contracts of employment were
valid and enforceable contracts and that the only question
in which you are interested is the effect of the burning of
the building upon the rights and liabilities of the parties.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We also assume that there were no provisions in the contracts relating to contingencies like the one under consideration.

The general rule is that the destruction of a school building by fire does not affect or alter the rights of the teachers arising under the contract.  6 A.L.R. 744; 24 R.C.L. 619-620.

In the case of Clune v. School District No. 3, Sup. Ct. Wisc., 166 N. W. 11, plaintiff was employed to teach for a period of nine months.  After the contract was made but before the commencement of the school term, the schoolhouse was totally destroyed by fire.  Plaintiff brought suit for the nine months' salary.  In holding that the plaintiff was entitled to recover, the court made the following statement:

"It is insisted that appellant was discharged from performing its contract with respondent, even if a valid contract were made, on account of the destruction of the schoolhouse by fire.  There was no stipulation in the contract to that effect, and no provision for deduction on account of destruction of the schoolhouse by fire or otherwise.

"Under such circumstances no deduction could be made without the consent of the respondent. School Directors v. Crews, 23 Ill. App. 367; Smith v. School Dist., 69 Mich. 589, 37 N. W. 567; Cashen v. School Dist., 50 Vt. 30; Charleston School Township v. Hay, 74 Ind. 127; Libby v. Douglas, 175 Mass. 128, 55 N. E. 808; Dewey v. Union School Dist., 43 Mich. 480, 5 N. W. 646, 38 Am. Rep. 206.

"It is also contended that the appellant was discharged from performing its contract with respondent on account of the action of the special school meeting in voting to suspend the school. The respondent was an employe of the appellant, and the relations between appellant and respondent were contractual.  The appellant therefore could not abrogate the contract or modify it without the consent of the respondent.  Board of Education v. State ex rel. Reed, 100 Wis. 455, 76 N. W. 351; Jones v. United States, 96 U. S. 29, 24 L. Ed. 644; McKay v. Barnett, 21 Utah, 239, 60 Pac. 1100, 50 L. R. A. 371."

Honorable Artie Stephens, Page 3

The Supreme Court of Illinois in the case of Phelps v. School Dist. No. 109, 134 N. E. 312, held the following:

"The general rule established by all the decisions is that, where performance of the contract is rendered impossible by act of God or the public enemy, the district is relieved from liability, but where the school is closed on account of a contagious disease, or destruction of the school building by fire, and the teacher is ready and willing to continue his duties under the contract, no deduction can be made from his salary for the time the school is closed. . . ."

The Court of Appeals of Louisiana in the case of Hughes v. Grant Parish School Board, 145 So. 794, in holding that a school district could not avoid paying a teacher a salary by discharging her after destruction of the school building by fire, made the following declaration:

"It has been repeatedly held that fire is not a fortuitous event, as it arises almost invariably from some act of man. Lehemn, Stern & Co., Ltd. v. Morgan's La. & Tex. R. & S. S. Co., 115 La. 1, 38 So. 873, 70 L. R. A. 562, 112 Am. St. Rep. 259, 5 Ann. Cas. 818; Dejean v. La. Western Ry. Co., 167 La. 111, 118 So. 822; Noel Bros. v. Texas & Pac. Ry. Co., 16 La. App. 622, 133 So. 830.

"It is also the rule that the defense of fortuitous event will not avail where the performance of the contract is not made impossible, but merely inconvenient, difficult, or undesirable. Dallas Cooperage & Woodenware Co. v. Creston Hoop Co., 161 La. 1077, 109 So. 844; Eugster & Co. v. Joseph West & Co., 35 La. Ann. 119, 48 Am. Rep. 232; Dewey v. Alpena School Dist., 43 Mich. 480, 5 N. W. 646, 38 Am. Rep. 206.

"In other states it has been held that a school board cannot avoid paying the salary of a teacher because of the destruction of the school building by fire, Clune v. Buchanan School Dist. No. 3, 166 Wis. 452, 166 N. W. 11, 6 A. L. R. 736,

638

and note page 742; or because the schools are closed on account of the prevalence of contagious diseases, Dewey v. Alpena School Dist., 43 Mich. 480, 5 N. W. 646, 38 Am. Rep. 206; Libby v. Inhabitants of Douglas, 175 Mass. 128, 55 N. E. 808; Phelps v. School District No. 109, 302 Ill. 193, 134 N. E. 312, 21 A. L. R. 737; Board of Education of City of Hugo v. Couch, 63 Okl. 65, 162 P. 485, 6 A. L. R. 740, and notes."

As far as we can determine, the courts of Texas have never passed upon the precise point involved. We have carefully examined the case of Randolph v. Sanders, 54 S. W. 621. In that case the plaintiff was employed for the scholastic year beginning September 19, 1898, to teach in the public schools of the city of Laredo. In January, February, and March of 1899 there existed in Laredo an epidemic of smallpox during which period the schools were closed and the relator performed no services. The relator was issued a warrant for this period of time but the respondent refused to pay it, and relator instituted mandamus proceedings. The Court held that the salary was due and granted the writ. There was language in the opinion to the effect that if the closing of the schools had been intended as permanent, plaintiff might not be entitled to compensation. But as this language was not necessary for the decision rendered, it is nothing more than dictum, and in view of the more recent cases in other jurisdictions, we do not think that it would be followed today.

You state that the teachers have stood in readiness to teach in accordance with their contracts. It is, therefore, our opinion that the school district is liable to the teachers for the salaries specified in their contracts.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_

George W. Sparks
Assistant

APPROVED FEB 2 1942

ASSISTANT
ATTORNEY GENERAL

GWS:mp

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN