(109 So. 844)

No. 25936.

DALLAS COOPERAGE & WOODENWARE CO. v. CRESTON HOOP CO.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. Sales ⚖➟172.

Where contract for sale of elm hoops contained no exception or reservation, unfavorable weather conditions, making it difficult to obtain elm logs with which to manufacture them, did not release seller from obligation of contract.

2. Contracts ⚖➟303(1).

Nonperformance of contract is not excused by fortuitous event where it may be carried into effect, although not in manner contemplated by obligor at time of execution of contract.

3. Sales ⚖➟418(3).

Measure for damages for failure to deliver elm hoops according to contract is difference between price which buyer had to pay for hoops on market and price as fixed in contract.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Action by the Dallas Cooperage & Woodenware Company against the Creston Hoop Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

Hawthorn & Stafford, of Alexandria, for appellee.

ROGERS, J. [1] This is an action for damages for the breach of a contract for the delivery of two cars of six-foot coiled elm hoops. The defendant admitted the contract and its failure to make delivery of the hoops, but set up, as defenses to the action, (1) that it was prevented by a fortuitous event from carrying out its agreement; and (2) that the contract was subsequently canceled by a representative of the plaintiff. The court below gave plaintiff judgment, and defendant appealed.

The appellant has not followed up its appeal by making any appearance, either by argument or by brief, in this court.

Our conclusion is that the judgment of the court below is correct. The "fortuitous event which completely hindered defendant from making delivery of the said hoops" was the alleged excessive rainfall "throughout the greater portion of the year 1919, and during the first half of the year 1920." Defendant contends that by reason of the unfavorable weather conditions it was unable to obtain elm logs with which to manufacture hoops, and it was therefore compelled to discontinue the operation of its hoop factory.

The contract between the parties was entered into without any exception or reservation whatsoever. Defendant's offer to sell and deliver the hoops was unconditionally accepted by the plaintiff. Defendant's obligation was not to furnish hoops of its own manufacture only, but to furnish, unconditionally, a certain quantity and quality of hoops at a specified time, which it failed to do.

[2] It was immaterial to the plaintiff how the defendant secured the article which it was obligated to deliver. The contract was not impossible of fulfillment, and, if defendant was unable to manufacture the hoops at its own mill, it should have procured them from other manufacturers or dealers in the same line of business. The nonperformance of a contract is not excused by a fortuitous event where it may be carried into effect, although not in the manner contemplated by

the obligor at the time the contract was entered into.

This disposes of the first and main defense interposed to plaintiff's suit, and, so far as the second defense is concerned, it suffices to say that defendant has not proved the cancellation of the contract.

[3] Upon defendant's default, the plaintiff purchased on the open market two carloads of hoops to take the place of the hoops defendant had obligated itself to deliver. The court below rightly allowed, as damages, the difference between the price which plaintiff paid for these hoops and the price of the hoops as fixed in the contract between the parties.

Judgment affirmed.