## HUGHES v. GRANT PARISH SCHOOL BOARD.

### No. 4420.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1933.

month. While it is alleged that the contract is attached to the petition, an examination shows that it is not.

She alleges that she performed her duties for three months and was paid for that period; that during this time the schoolhouse was destroyed by fire, the pupils transferred to Montgomery, and, without fault on her part, her services were discontinued, she receiving no further salary, though ready and willing to perform her part of the contract.

She alleges that the school board is indebted to her in the sum of $360, being six months' salary, with legal interest from January 14, 1930. The prayer of the petition, however, asks for interest only from January 14, 1932.

Defendant filed and abandoned an exception to the citation, then interposed an exception of no cause or right of action, which, over defendant's objection, was referred to the merits.

On the day of trial, defendant pleaded the prescription of one and two years.

Answer was filed, and the case tried June 21, 1932.

The answer, first reserving all rights under the exception of no cause or right of action, admits most of the allegations contained in the petition. It sets up and attaches the written contract which reads:

"Parish of Grant

"Department of Education

"Colfax, Louisiana

"State of Louisiana:
"Parish of Grant:

"This agreement, made and entered into on this 14 day of September 1929 between Imojean Hughes, a public school teacher, holding a certificate of qualification from the State of Louisiana, on the one part, and the said Grant Parish School Board, through said officers, on the other part;

"Witnesseth, That the said Imojean Hughes agrees to teach principal in the Eureka School, commencing on the 16 day of September 1929, for a term of eight months, unless sooner discharged, at $60.00 per month of actual employment payable monthly; that for said services properly rendered, and in harmony with all laws and regulations governing public schools in the State of Louisiana, the said President and Secretary of the Grant Parish School Board will draw warrants in favor of said teacher.

"And it is understood and agreed, by the Grant Parish School Board and said teacher, that said teacher shall be governed and discharge duties required by the school laws of the State and such rules and regulations as may be determined by the Grant Parish School Board.

"And it is understood and agreed, by the

Harry Fuller, of Winnfield, for appellant.

Joel L. Fletcher, of Colfax, for appellee.

MILLS, J.

Petitioner alleges that on the 14th day of September, 1929, she entered into a contract with the Grant parish school board to teach and act as principal at the Eureka School for a term of nine months at a salary of $60 per

said Grant Parish School Board and said Teacher that the payment of the salary herein specified shall be contingent upon the presence in the Treasurer's hands of sufficient funds to the credit of the proper account to meet same, and that in no case shall the teacher's claim for compensation in any one year exceed the school revenues for that year, properly appropriated by the Parish School Board to the account of White Teacher's Salaries.

"Signed:

"Imojean Hughes, Teacher.
"S. C. Shaw,
"Secretary Parish School Board.

"————————
"President, Parish School Board."

An examination of the contract discloses that it is for eight months instead of nine; that it contains the provision "unless sooner discharged"; that the salary is for "actual employment" for "services properly rendered" in harmony with the school laws. The term is "to begin" September 16th instead of the 14th.

The answer alleges that the discharge of the plaintiff was caused by the burning of the school, and the transfer of the pupils was due to the fact that no suitable and available building could be obtained wherein the remainder of the session of the Eureka School could be held; the school board being without funds to erect a new one. It alleges that the destruction of the school by fire was a fortuitous event for which defendant was in no way responsible, that the contract was so drawn that payment for actual services rendered was contemplated, and that its continuance was at the will of defendant, because of the proviso "unless sooner discharged."

There was very little testimony taken. It shows that there was a church building near the site of the burned school which had formerly been used as a school; that its use was mentioned, but some of the congregation objected to its being partitioned into the two rooms required for the school; that the school board had no funds and made no efforts to procure any to put up a new building; that, after the fire and before the discharge of the teachers, a meeting of the citizens was held at which it was decided "it would be undesirable" to try to run the school at Eureka; that it was best to transfer the pupils to Montgomery.

In the lower court, plaintiff obtained judgment for $300, with legal interest from judicial demand. The exception of no cause or right of action and the plea of prescription were overruled.

Both parties appealed to this court, plaintiff from that part of the judgment only which allowed her interest from judicial demand instead of from maturity.

## Opinion.

Defendant, having objected to the reference to the merits of its exception of no cause or right of action, was entitled to have it passed upon before further proceedings were had. From defendant's brief we learn that the exception is based upon the terms of the written contract not set out in the petition. Though alleged to be, the written contract is not attached to the petition. As the exception, at the time it was filed, was triable on the face of the petition alone, it was correctly overruled.

## Plea of Prescription.

Plaintiff was paid up to and discharged December 16, 1929. Her discharge matured any unpaid salary due her. Suit was filed April 12, 1932. The prescription pleaded is one and two years. We can find, and have been referred to, no two years' prescription which is in any way applicable to salaries of school teachers.

Article 3534 of the Civil Code provides: "The following actions are prescribed by one year: * * * That of masters and instructors in the arts and sciences, for lessons which they give by the month."

Article 3538 of the Civil Code provides: "The following actions are prescribed by three years: * * * That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences, who give lessons by the year or quarter."

The fact that the employment in the present case was for a term of eight months and not by the month makes the one-year prescription inapplicable, and relieves us of the unpleasant necessity of deciding whether or not a grade school teacher is a master and instructor in the arts and sciences.

The three-year prescription, not having been pleaded and not having accrued, need not be considered. The plea of prescription was properly overruled.

## On the Merits.

The first defense is that the words "unless sooner discharged" made the contract terminable at the will of the school board. We do not so understand the expression. We cannot see that it enlarges the contract in any way as it does not specify any other than legal grounds for discharge.

The legal grounds for the dismissal of school teachers as enumerated in section 48 of Act No. 100 of 1922, are incompetence, inefficiency, or unworthiness. Even for these causes a teacher cannot be discharged without a hearing. None of these grounds are alleged in the answer or suggested in the testimony.

The term "actual employment" as used in the contract means legal employment.

It is next contended by defendant that the fire was a good and sufficient cause for the discharge. The causes for dismissal being named in the act, no other cause is sufficient except one recognized by law, as avoiding all contracts.

Defendant contends that the fire was a fortuitous event as defined by article 1933 of the Civil Code. Paragraphs 2 and 3 of this article read as follows:

"2. Where, by a fortuitous event or irresistible force the debtor is hindered from giving or doing what he has contracted to give or do, or is from the same causes compelled to do what the contract bound him not to do, no damages can be recovered for the inexecution of the contract.

"3. There are two exceptions to the last rule: first, when the party in default has by his contract expressly or impliedly undertaken the risk of the fortuitous event, or of the irresistible force; secondly, if the fortuitous event or cause of force, was preceded by some fault of the debtor, without which the loss would not have happened."

It has been repeatedly held that fire is not a fortuitous event, as it arises almost invariably from some act of man. Lehemn, Stern & Co., Ltd. v. Morgan's La. & Tex. R. & S. S. Co., 115 La. 1, 38 So. 873, 70 L. R. A. 562, 112 Am. St. Rep. 259, 5 Ann. Cas. 818; Dejean v. La. Western Ry. Co., 167 La. 111, 118 So. 822; Noel Bros. v. Texas & Pac. Ry. Co., 16 La. App. 622, 133 So. 830.

It is also the rule that the defense of fortuitous event will not avail where the performance of the contract is not made impossible, but merely inconvenient, difficult, or undesirable. Dallas Cooperage & Woodenware Co. v. Creston Hoop Co., 161 La. 1077, 109 So. 844; Eugster & Co. v. Joseph West & Co., 35 La. Ann. 119, 48 Am. Rep. 232; Dewey v. Alpena School Dist., 43 Mich. 480, 5 N. W. 646, 38 Am. Rep. 206.

In other states it has been held that a school board cannot avoid paying the salary of a teacher because of the destruction of the school building by fire, Clune v. Buchanan School Dist. No. 3, 166 Wis. 452, 166 N. W. 11, 6 A. L. R. 736, and note page 742; or because the schools are closed on account of the prevalence of contagious diseases, Dewey v. Alpena School Dist., 43 Mich. 480, 5 N. W. 646, 38 Am. Rep. 206; Libby v. Inhabitants of Douglas, 175 Mass. 128, 55 N. E. 808; Phelps v. School District No. 109, 302 Ill. 193, 134 N. E. 312, 21 A. L. R. 737; Board of Education of City of Hugo v. Couch, 63 Okl. 65, 162 P. 485, 6 A. L. R. 740, and notes.

The lower court correctly gave plaintiff judgment for $300, but erred in only allowing interest from judicial demand. Plaintiff, though alleging interest to be due from January 14, 1930, prays for interest only from the 14th day of January, 1932. Suit was filed April 12, 1932. We think plaintiff's claim matured at the time of her discharge December 16, 1929, and that she was entitled to legal interest from that date. We can only allow what is claimed. The remedy is governed by the prayer of the petition.

The judgment of the lower court is therefore amended so as to allow 5 per cent. per annum, from January 14, 1932.

The only Louisiana case we can find touching upon the subject is: Neilson v. Lincoln Parish School Board, 12 La. App. 179, 125 So. 458, wherein it is held: "The provisions of Act No. 100 of 1922, under which parish school boards are not permitted to open or maintain schools unless an average attendance of 10 can be maintained, are impliedly embraced in teachers' contracts of hire, in view of Civ. Code, arts. 2021, 2026. 2031, so that, where school is closed because of attendance below the statutory minimum, teacher cannot recover compensation for balance of term."

As to right of a teacher to recover for the whole term when removed without cause, see Picou et al. v. St. Bernard Parish School Board (La. App.) 132 So. 130; Brown v. St. Bernard Parish School Board, 14 La. App. 460, 131 So. 760.

The judgment appealed from as amended is affirmed.