194 So.2d 378 (1967)
Mr. & Mrs. Joseph J. SCHENCK
v.
CAPRI CONSTRUCTION CO., Inc.
No. 2430.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1967.
Rehearing Denied February 13, 1967.
Huddleston, Hurley, Senter & Davis, Albert J. Huddleston, New Orleans, for plaintiffs-appellants.
Harry A. Burglass, Metairie, for defendant-appellee.
Before McBRIDE, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
On August 29, 1965 plaintiffs entered into a written contract with the defendant for the construction of an additional room or den to plaintiffs' home in Carolyn Park, Parish of St. Bernard, for the sum of $2,260, payable $800 down with the balance due on completion of the work. The contract provided that should plaintiffs cancel the same before the commencement of work they agreed to pay defendant 20% of the amount of the contract as damages and 10% of the contract amount as attorney's fees if placed in the hands of an attorney for collection; if plaintiffs cancelled the *379 contract after commencement of work, they agreed to pay defendant the same damages and attorney's fees and, in addition, defendant's actual expense in labor and materials to the time of the cancellation. The contract also provided that plaintiffs would do the painting, plumbing and electrical work involved. Because some plumbing work was necessary before the concrete slab for the addition could be poured, the litigants agreed that such pouring would be begun by the defendant after plaintiffs had completed that necessary plumbing work.
Plaintiffs borrowed $800 and paid the same to the defendant at the time, or very shortly after the time, the contract was signed, defendant laid the forms for the slab, and plaintiffs began the plumbing work necessary prior to the pouring of the slab. Plaintiffs completed that plumbing work on September 8, 1965. On September 9, 1965, before plaintiffs informed defendant of such completion, Hurricane Betsy struck the area.
As a direct result of the hurricane plaintiffs' home was inundated by flood waters to a height of approximately 5 feet 7 inches and the water did not recede for a period of several days. Some of the sheetrock, flooring, windows, doors, etc. and most of the contents of the home, including furniture and clothing, were either destroyed or severely damaged. Plaintiffs then sought to cancel the contract, refused to permit any further work thereunder and requested the return of their $800 deposit. Defendant refused the request but offered to apply the deposit to repair by defendant of some of the storm damage. Plaintiffs refused this offer, preferring to apply the $800 to the cost of materials and do the work themselves, and instituted this suit by which they now seek a return of the deposit less the expense incurred by the defendant in laying the wooden forms for the slab. Defendant reconvened for liquidated damages, attorney's fees and expense as provided by the contract and, alternatively, for specific performance.
Judgment was rendered in the trial court on the main demand in favor of defendant and against plaintiffs, dismissing the latters' demand and, on the reconventional demand, in favor of the original defendant and plaintiff in reconvention and against the original plaintiffs and defendants in reconvention, in the amount of $741.82 (consisting of $63.82 in stipulated expense, $452 in liquidated damages and $226 in attorney's fees), with legal interest thereon from date of judicial demand and for all costs. Plaintiffs have appealed therefrom.
In this court plaintiffs argue they are entitled to the judgment they seek, contending, as they did in the trial court, that Hurricane Betsy was a "fortuitous event or irresistible force", within the meaning of LSA-C.C. Art. 1933(2), which made it "economically" impossible for them to do what they had contracted to do, i. e., pay the sum of $2,260 for a new addition to their home when the home itself was in need of repair and the family had lost many of their personal possessions. The portion of C.C. Art. 1933 upon which plaintiffs rely reads as follows:
"* * *
2. Where, by a fortuitous event or irresistible force, the debtor is hindered from giving or doing what he has contracted to give or do or is from the same causes compelled to do what the contract bound him not to do, no damages can be recovered for the inexecution of the contract.
* * *." LSA-C.C. Art. 1933.
We note plaintiffs do not contend the hurricane made performance of the contract impossible. The record, which includes pictures of the residence taken after the hurricane, leaves no doubt that the home was not destroyed. The building itself remained in a sufficiently sound condition so as to permit the addition contemplated by the contract. Even according to the testimony of an expert produced by plaintiffs themselves, following the hurricane there was no reason from a structural, *380 engineering or architectural standpoint why the contract should not be performed. Plaintiffs' contention is based not on a matter of storm damage to the building but upon economic feasibility, i. e., that payment by them under the contract was made more difficult or more burdensome by the hurricane because the money they have saved or borrowed, and will save or borrow, to make such payment is and will be needed to repair their home.
While we sympathize with the plaintiffs, as did the trial court, we must affirm a judgment against them. Our settled jurisprudence is that the obligor is not released from his duty to perform under a contract by the mere fact that such performance has been made more difficult or more burdensome by a fortuitous event or an irresistible force. Dallas Cooperage & Woodenware Co. v. Creston Hoop Co., 161 La. 1077, 109 So. 844; Sickinger v. Board of Directors, 147 La. 479, 85 So. 212; Pratt v. McCoy, 128 La. 570, 54 So. 1012; Eugster & Co. v. Joseph West & Co., 35 La.Ann. 119; Marionneaux v. Smith, La. App., 163 So. 206; Hughes v. Grant Parish School Board, La.App., 145 So. 794; 21 Tul.L.Rev. 603. Here, as we have pointed out, performance was not rendered impossible but only more difficult or more burdensome.
However, in view of the fact that defendant has had possession of the $800 deposit since the time, or very shortly after the time, the contract was signed, we are of the opinion that the defendant is not entitled to legal interest as provided in the trial court judgment and that the judgment against the plaintiffs should be made subject to a credit of $800. We will amend the judgment accordingly.
For the reasons assigned, the judgment appealed from is amended only insofar as to eliminate the imposition of interest and to make said judgment subject to a credit of $800. As thus amended, and in all other respects, that judgment is affirmed; costs in this court to be paid by the plaintiffs-appellants.
Amended and affirmed.