JONES, Judge.
|! Defendant-Appellant, Carbone Properties of Audubon appeals an adverse judgment relating to its motion for summary judgment and exception of no cause of action. We affirm.
On or about December 22, 2004, the Petitioner-Appellee, Associated Acquisitions, L.L.C.[1] (hereinafter, “AA”) entered into a Sale Agreement (hereinafter, the “Sale”), in which it contracted to sell its eleven percent (11%) membership interest in Defendant-Appellant Carbone Properties of Audubon, L.L.C. (hereinafter, “CPOA”). CPOA is the owner of the historic “Audubon Building” at 931 Canal Street in New Orleans. During the time of the Sale, the property owned by CPOA was being developed into a Hilton Hotel.
Pursuant to the Sale, AA sold its eleven percent (11%) membership interest to the Appellant, Carbone Hotel Properties, L.L.C., (hereinafter, “CHP”) and CPOA. The sale price for the membership interest was a twenty-five thousand dollar ($25,000) non-refundable down payment, one secured purchase note to AA in the amount of one million dollars ($1,000,000), another secured purchase note to 12AA in the amount of one million five hundred thousand dollars ($1,500,000)[2] and interest in *1104 the future contingent upon certain events.[3]
The second secured purchase note provides that upon the occurrence of any default thereunder, the “lender has the right to prospectively adjust and fix the simple interest rate under [the] note until [the] note is paid in full, at the rate of sixteen percent (16%) per annum.” The note also provides that in the event the lender refers the note to an attorney for collection, or files suit against the borrower to collect, the borrower agrees to pay reasonable attorneys’ fees incurred by the lender. The note was secured by the pledge of the membership interest that was the subject of the Sale, the personal guaranty of the Appellants, and the first position assignment and lien on any and all payments, fees, and/or distributions to CHP, or its affiliates.[4]
On December 30, 2004, CPOA obtained a construction loan from Marshall Investments Corporation (hereinafter, “Marshall”) for over twenty-six ($26) million dollars to build the hotel. When the loan closed, CPOA paid the first note in full. Construction and demolition began, but revealed a number of unforeseen conditions, which required additional funding, not considered during the calculation of the original budget. CPOA requested additional financing from Marshall; however, unresolved issues resulted from these transactions.[5] The disagreements between CPOA and Marshall began prior to Hurricane Katrina. As 13CPOA and Marshall attempted to resolve the issues the hurricane struck New Orleans on August 29, 2005. CPOA claims that the storm drastically affected its construction, and thus should be cause for dissolution of its agreement with AA.[6]
On January 18, 2006, AA notified CPH of the interest payment, in the amount of $35,215.15, due on February 20, 2006. CPH did not respond, nor did they make any payment toward the note, and on February 22, 2006, AA sent CPH a notice of default. Thereafter, AA instituted the foregoing action.
On September 15, 2006, the trial court granted AA’s Motion for Summary Judgment and Exception of No Cause of Action, rendering judgment in favor of AA in the sum of $1,546,422.40 pursuant to the Second Note, with interest thereon[7]. Additionally, the court granted a declaratory judgment in favor of AA, in which the court stated that the provisions of Section 2.4 of the Sale are legally enforceable terms of the agreement that the Defendant-Appellants must comply with. The district court also recognized AA’s security of the performance of the obligations as being the valid pledge and assignment of the 11% membership interest and the in solido personal guaranty of R.P. Carbone Construction, Ross Carbone and Vincent Carbone as being fully enforceable in ac- *1105 cor dance with the terms thereof. No reasons for judgment were provided.
CPOA asserts that the trial court erred in holding that there was no genuine issue of fact to be determined at trial regarding (1) the intent and purpose of the Sale and corresponding promissory notes as they were connected to the hotel ^construction project, (2) the unlawful actions of CPOA’s construction lender following the storm which effectively ended the hotel project, and (3) the manner in which these events rendered performance of the sale and notes impossible, and thus erred in granting the Motion for Summary Judgment and sustaining the Exception of No Cause of Action.
DISCUSSION
Appellate courts use the same standard of review applied by the trial courts, de novo, to determine whether the summary judgment is appropriate. Williams v. Metro Home Health Care Agency, Inc., 02-0534, p. 2 (La.App. 4 Cir. 5/8/02), 817 So.2d 1224, 1226, (citing Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, c/w 99-2257, (La.2/29/00), 755 So.2d 226, 230). The supporting documentation submitted by the parties should be scrutinized equally, and there is no longer any overriding presumption in favor of trial on the merits. Schully v. Hughes, 00-2605, p. 2 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1220 (citing Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, c/w 99-2257, (La.2/29/00), 755 So.2d 226, 231). Additionally, the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465, p. 3 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is favored and shall be construed to accomplish these ends. La.C.C.P. art. 966(A)(2).
Louisiana Code of Civil Procedure article 966(B) provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. However, if the mov-ant will not bear the burden of | sproof at trial on the matter that is before the court, the movant’s burden does not require him to negate all essential elements of the adverse party’s claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2).
Pursuant to La. C.C.P art. 966, the initial burden of proof remains on the mover to show that no genuine issue of material fact exists. After the mover has met its initial burden of proof, the burden then shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwartz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
CPOA asserts that the intent and purpose of the Sale lends its way to a genuine issue of material fact, and thus the district court should have denied AA’s Mo *1106 tion for Summary Judgment. Contracts have the effect of law for the parties and may only be dissolved through the consent of the parties involved or on grounds provided by law. La. Civ.Code art. 1983. When discerning the intent of the parties, “[t]he interpretation of a contract is the determination of the common intent of the parties with courts giving the contractual words their generally | ^prevailing meaning.” SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695, p. 20 (La.6/29/01), 808 So.2d 294, 307, citing La. C.C. arts. 2045, 2047; see e.g. Amend v. McCabe, 95-0316, p. 7-8 (La.12/1/95), 664 So.2d 1183, 1187. Louisiana Civ.Code art. 2046, states that, “when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Additionally, “[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole,” La. Civ.Code art. 2050. “When a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for a court to decide.” American Deposit Ins. Co. v. Myles, 00-2457, p. 5 (La.4/25/01), 783 So.2d 1282, 1286.
The intent of the parties of this contract is clear. CPOA intended to buy the eleven percent (11%) membership interest from AA for a price. AA reciprocated and accepted that offer for the sale of their eleven percent (11%) membership interest. Pursuant to the Sale, transfer, assignment of membership interest, and resignation of a member of the executive committee[8], CPH “desirefd] to purchase the [mjembership [i]nterest from [AA] ... and to settle all disputes between the parties.” Likewise, AA signed the Sale agreement and desired the same. In accordance with the sale, AA sold, transferred, and assigned CPH all of their rights, title, and interest in Carbone Properties of Audubon, L.L.C. The intent of the parties was to transfer the membership interest and in fact that transfer has taken place. The Sale became effective as of November 20, 2004, “on and only on its execution and delivery by each party, payment of the initial twenty-five |7thousand dollars ($25,000) ... and recordation of the mortgage and security documents provided for [in the Sale agreement].” CPOA has offered no evidence to rebut these and other factual assertions, has presented no genuine issues of material fact that are in dispute, and thus AA’s Motion for Summary Judgment was granted. Thus, the judgment of the district court must be affirmed.
CPOA also asserts that the contract should be dissolved based on a fortuitous event, which made their performance impossible. An Act of God or “a fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen.” La. Civ.Code art. 1875. As the Appellants (CPOA) state, there is little question that Hurricane Katrina was a fortuitous event. Even with our foreknowledge that the hurricane was rearing its way toward the state, the damage and effects of the storm were unexpected and unprecedented. And although its damages left some obligations impossible to fulfill, not all contracts are nor should they be rendered dissolved unless the law requires.
For further guidance, the Louisiana Civil Code in Article 1873 provides in pertinent part that, “[a]n obligor is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible.” This article introduces the defense of impossibility of perform- *1107 anee. La. Civ.Code art. 1873, com. (c). The contract can be dissolved if, “the entire performance owed by one party has become impossible because of a fortuitous event.” La. Civ.Code art. 1876. Then the other party may recover any performance he has already rendered. Id. Article 1873 also provides that, “an obligor is liable when the fortuitous event occurred after he has been put in default.”
The Supreme Court held in Dallas Cooperage & Woodenware Co. v. Creston Hoop Co., 161 La. 1077, 109 So. 844, (La.1926) that “[t]he nonperformance of a 1 scontract is not excused by a fortuitous event where it may be carried into effect, although not in the manner contemplated by the obligor at the time the contract was entered into.” Id.
This same disposition was reiterated by this Court, in Schenck v. Capri Construction Co. Inc., 194 So.2d 378 (La.App. 4 Cir.1967), which concerned the performance of a contract after a hurricane. Schenck involved an action by homeowners to cancel a construction contract for an addition to their home. The performance of the contract only became more difficult for homeowners after the hurricane because of the expenses in repairing their home. The “plaintiffs’ contention [was] not based on a matter of storm damage to the building but [rather] upon economic feasibility.” Schenck, 194 So.2d at 380. However, this Court determined that performance of the contract “was not rendered impossible but only more difficult or more burdensome.” Schenck, 194 So.2d at 380.
The case at bar, very much like the Schenck case, brings the same problem to light. Marshall has terminated CPOA’s construction loan and the hotel franchise agreement has been terminated. CPOA can not now rescind its agreement with AA or try to dissolve the contract simply because the means of fulfilling that agreement have become more difficult. It is “immaterial to the plaintiff how the defendant secure[s] the article [or rather the financing] which it [is] obligated to deliver.” Dallas Cooperage & Woodenware Co., supra, 161 La. 1077, 109 So. 844, (La.1926). The defendant can only claim force majeure[9] as an excuse when encountered by an “insurmountable obstacle that make[s] the performance actually impossible.” 5 La. Civ. L. Treatise, Law of Obligations § 16.17 (2d. ed.).
In Picard Const. Co. v. Bd. Of Com’rs of Caddo Levee Dist., 161 La. 1002, 109 So. 816 (La.1926), a construction company undertook excavating work and ran into a peculiarly hard subsoil formation. The Supreme Court concluded that the agreements legally entered into have the effect of law for the parties and must be performed in good faith, thus, “it follows that a party is obliged to perform a contract entered into by him if performance be possible at all, and regardless of any difficulty he might experience in performing it.” Id. at 818; See also Hughes v. Grant Parish School Bd., 145 So. 794, 797 (La.App. 2d Cir.1933)[10]. Thus the case at bar should follow settled Louisiana jurisprudence. The unexpected and unforeseen damage of Hurricane Katrina does not change the agreement between these *1108 parties; therefore, this is an agreement which can still be performed. The contract is valid and the judgment of the district court stands.
CPOA’s next assignment of error addresses the district court’s granting of the exception of no cause of action. The appellate courts review a trial court’s decision on an exception of no cause of action de novo “because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition.” Brookewood Investments Co., L.L.C. v. Sixty-Three Twenty-Four Chef Menteur Highway, L.L.C., 07-0050 (La.App. 4 Cir. 5/16/07), 958 So.2d 1200; (citing City of New Orleans v. Bd. Of Comm’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253). Louisiana Code of Civil Procedure article 931 provides that, “no evidence can be introduced to support or to controvert an exception of no cause of action,” but rather, the issue must be decided on the face of the petition, whether the plaintiff is Illegally entitled to the relief sought. Brookewood Investments, Id. at 1201 (citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993)). Louisiana has a system of fact pleading, and “it is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions.” Id. The question in the matter sub judice is whether the appellants state a valid cause of action. The appellants are seeking a dissolution of the Sale based on the defense of impossibility of performance, but just as previously recognized, the Sale should be upheld. The Sale only became more burdensome, but not impossible. Thus, the appellants do not state a cause of action.
DECREE
For the foregoing reasons, we affirm the judgment of the district court.
AFFIRMED.

. Associated Acquisitions, L.L.C. was the owner of eleven percent (11%) of the Capital Membership Interest in Carbone Properties of Audubon, L.L.C. pursuant to an operating agreement dated May 31, 2000, by and between Associated Acquisitions, L.L.C. and Carbone Hotel Properties, L.L.C., as amended on April 11, 2001, and April 20, 2001.

. The second note is the basis for the present cause of action. Pursuant to the Sale, the interest of the second note became payable quarterly beginning on February 20, 2004, with the principal due and payable on or before the earlier of (1) sixty (60) days from achievement of Stabilization by Audubon, or (2) December 31, 2011.

. The future interest on the second note depended upon the sale of the property, CPOA obtaining financing, or making distributions to members as set forth in the Sale, sections 2.3 and 2.4.

. Appellants and Carbone affiliates are Ross Carbone, Vincent Carbone, and R.P. Carbone Construction Company.

. Marshall filed a Complaint on December 13, 2005 against CPOA alleging various reasons for their defaulting on the loan.

. CPOA claims that the storm halted construction, that it and Hilton Inns mutually agreed to terminate the Franchise Agreement between them, and that Marshall became apprehensive of the hotel market after Hurricane Katrina.

. Associated was granted $1,546,422.40 plus contractual interest at the rate of sixteen percent (16%) on the principal amount from February 23, 2006, until paid, plus legal fees of fifteen percent (15%) of the sums paid, plus all court costs.

. Thomas T. Cloke, a representative of Associated Acquisitions, L.L.C., who, pursuant to the Sale resigned from the executive committee of Carbone Properties of Audubon, L.L.C.

. Force Majuere is an event or effect that can be neither anticipated nor controlled. The term includes both acts of nature (e.g. floods and hurricanes) and acts of people (e.g. riots, strikes, and wars). Black’s Law Dictionary 673 (8th ed. 2004).

. Similarly, the court held in this Second Circuit case that "the defense of fortuitous event will not avail where the performance of the contract is not made impossible, but merely inconvenient, difficult, or undesirable.” Hughes v. Grant Parish School Bd., 145 So. 794, 797 (La.App. 2d Cir.1933).