ROLAND L. BELSOME, Judge.
| lAppellants, Erin Good, Dennis Good, Jr., and William Good, II (hereinafter collectively “Appellants”) seek review of the trial court’s denial of a rule to assess costs and attorneys’ fees with respect to Appel-lees, Agnes Saia (“Saia”), Augustine Lopez (“Lopez”), and Earl Williams (“Williams”). For the reasons that follow, we reverse and remand.
*1072 STATEMENT OF FACTS AND PROCEDURAL HISTORY
Appellants filed suit on May 2, 2006 against Appellees and sublessees/assignees Robert Roth, Jr. and Guy Roth for breach of the lease for property located at 8850 Pontehartrain Boulevard. On September 12, 2007, this Court affirmed the trial court’s judgment in favor of Appellants’ Rule for Possession. Good v. Saia, 2007-0145, p. 30 (La.App. 4 Cm. 9/12/07), 967 So.2d 1161,1177. Appellants subsequently filed a Rule to Assess Costs and Attorney Fees, requesting costs in the amount of $471.50 and $20,025.00 in attorney’s fees.[1]
Appellants acquired ownership of the property through a 1992 judgment in the matter of the Good Testamentary Trust. Good, 2007-0145, p. 17, 967 So.2d 1161, 1170. Lopez and Williams were the original lessees of the subject property, |2and Saia was obligated to the lease terms by having succeeded her deceased husband’s estate. Good, 967 So.2d at 1163-64. The original lease contained a term from August 1, 1976 to August 1, 1986, with five options to extend the lease for five years successively. Id. at 1164. This Court detailed the history of the lease:
On September 7, 1978, the lessees exercised their right under the lease to assign the lease to Windjammer, Inc.
On December, 4, 1985, Windjammer, Inc. exercised a renewal option extending the lease to August 1,1991.
On August 15, 1990, Windjammer, Inc. exercised a second renewal option.
On November 14, 1995, Windjammer, Inc. exercised a third renewal option. On February 5, 1997, Windjammer, Inc. assigned the lease to Robert Roth, Jr. and Guy Roth (“the Roths”).
On March 25, 2001, the Roths exercised a fourth renewal option.
On May 23, 2002, the Roths exercised a fifth renewal option.

Id.

With respect to the right to assign the lease, paragraph 15 of the original lease agreement provided as follows:
Lessee may, without the consent of Lessor [Good], assign or encumber this lease or its rights hereunder. In such event, Lessee shall remain liable for the payment of all rent required to be paid hereunder and for the performance of all terms, covenants and conditions herein undertaken by Lessee. Lessee shall have the right to sublet the demised premises at any time and from time to time during the term of this lease.
(emphasis added). Additionally, the lease agreement contained the following provision in paragraph 16 with respect to attorney’s fees:
|3It is mutually understood and agreed that, in the event it shall become necessary for either party to enforce the provisions of this lease by legal action or employ attorneys for the collection of any monies due hereunder, then the prevailing party shall be entitled to recover its reasonable attorneys’ fees for costs and other costs of such proceedings.
At the hearing on the Rule for Possession, William Good testified that Mr. Roth executed the final two five-year options from the original lease. Id. at 1171. He further testified that he had no further direct dealings with Saia, Lopez or Williams after 1997; the Roths paid rent directly to Appellants.[2] Id. Additionally, *1073 Mr. Roth identified the 1978 assignment of the lease from Saia, Lopez, and Williams to Windjammer, Inc., and the assignment executed in 1997 from Windjammer, Inc. to the Roths. Id.
After the hearing, the trial court made the Rule for Possession absolute against Saia, Lopez and Williams, ordering surrender of the property to Appellants. Id. at 1164. That final judgment was not appealed by Saia, Lopez, or Williams. Id. The rule was continued as to the Roths, who asserted opposition to the Rule for Possession and ultimately appealed the ruling adverse to them interests. Id. at 1164— 1165.
On February 15, 2008, the trial court entered judgment[3] denying Appellants’ request for attorney’s fees against Saia, Lopez, and Williams, but assessed costs in the amount of $100.00 against Saia, Lopez, and Williams.[4] This appeal followed.
^STANDARD OF REVIEW
Attorney’s fees are not allowed unless provided for by statute or contract. Dixie Services, L.L.C. v. R & B Falcon Drilling USA, Inc., 2005-1212, 2006-1209, p. 8 (La.App. 4 Cir. 3/21/07), 955 So.2d 214, 220. The trial court is vested with much discretion in arriving at an award of attorney’s fees, and such award will not be reversed absent a showing of an abuse of that discretion. Filson v. Windsor Court Hotel, 2007-0755, p. 6 (La.App. 4 Cir. 7/23/08), 990 So.2d 63, 67. Interpretation of a contract, however, is a question of law and subject to de novo review. Berthelot v. Le Investment, L.L.C., 2002-2054, p. 3 (La.App. 4 Cir. 1/21/04), 866 So.2d 877, 880.
DISCUSSION
In the sole assignment of error, Appellants submit that the trial court erred in failing to recognize a provision in the 1976 lease agreement between Appellants and Saia, Lopez, and Williams that provides for an award of attorney’s fees when legal action is necessary to enforce the provisions of the lease. Appellants maintain that Saia, Lopez, and Williams are solidarily liable for attorneys’ fees with the Roths pursuant to La. C.C. art. 1821.[5]
Conversely, Appellees submit that they were not lessees under the lease at issue and cannot be held liable for costs or attorney’s fees related to the Rule for Possession or the Appellants’ appeal. Appel-lees further submit that they had no dealings with Appellants after 1997, and that *1074 Appellants accepted performance Runder the lease by the Roths. Thus, Appellees argue, costs and attorney’s fees should be assessed against the parties who not only contested the Rule for Possession, but also deprived Appellants of possession of the subject property during the litigation.
When interpreting a contract, courts determine the comment intent of the parties, “giving the contractual words their generally prevailing meaning.” Associated Acquisitions, L.L.C. v. Carbone Properties of Audubon, L.L.C., 2007-0120, p. 5-6 (La.App. 4 Cir. 7/11/07), 962 So.2d 1102, 1106 (quoting SWAT 24 Shreveport Bossier Inc. v. Bond, 00-1695, p. 20 (La.6/29/01), 808 So.2d 294, 307)(citing La. C.C. arts.2045, 2047). Additionally, Civil Code article 2046 provides that “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. C.C. art.2046. Moreover, “[wjhen a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for a court to decide.” Associated Acquisitions, L.L.C., 2007-0120, p. 6, 962 So.2d at 1106 (quoting American Deposit Ins. Co. v. Myles, 00-2457, p. 5 (La.4/25/01), 783 So.2d 1282, 1286).
In the instant case, the aforementioned language in Paragraph 15 of the lease agreement provides that the Lessee shall remain liable for the performance of all terms, covenants and conditions under the lease. Thus, the plain language of the lease provides that Saia, Lopez, and Williams are liable for performance of the lease and for payment of Appellants’ attorney’s fees and costs. Furthermore, it is well-settled that contracts have the force of law between the parties. La. C.C. art 1983; Caniere v. Bank of Louisiana, 95-3058 (La.12/13/96), 702 So.2d 648, 666 (“the lease contract itself is the law between the parties”). Although Appellees did |(Snot object to the eviction, the obligation to pay attorney’s fees to the prevailing party in enforcement of the terms of the lease remains. Moreover, the record does not evidence, nor do Appellees argue, that Appellants ever agreed to release Appellees. Accordingly, based on the facts and circumstances of this particular case, we find that the trial court erred in its interpretation of the lease agreement and in denying the rule to assess costs and attorney’s fees against Saia, Lopez, and Williams.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is hereby reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES and GORBATY, JJ„ dissent with reasons.

. The Rule to Assess Costs and Attorney Fees was filed on December 4, 2007.

. This Court, in examining the trial court’s determinations, noted that the alleged breach of the lease agreement was discovered after *1073 Hurricanes Katrina and Rita, when the subject property was damaged. Good, 967 So.2d at 1172. Appellants attempted to determine the liability insurer and the policy number associated with the leased premises, but were unsuccessful. Id. Appellants then executed and forwarded a letter of default on the original lessees and the Roths on December 12, 2005. Id. After no insurance information was received, Appellants executed and issued a notice of eviction by certified mail in April 2006, followed by a Petition for Damages and Breach of Lease and a Rule for Possession. Id.

.The trial court did not assign reasons for judgment in denying the request for attorney’s fees.

. On February 29, 2008, Appellants and the Roths entered into a Consent Judgment, which ordered the Roths to pay Appellants attorney’s fees of $20,025.00 and costs of $471.50, with legal interest thereon from date of judgment.

. An obligor and a third person may agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made in writing.
The obligee's consent to the agreement does not effect a release of the obligor. The unreleased obligor remains solidarily bound with the third person
La. C.C. art. 1821.