CHARLES R. JONES, Judge.
hThe Appellant, Barbara Manteris, seeks review of the judgment of the district court ordering her to pay the attorneys’ fees and costs of counsel for Athea G. Helm, Donna Oufnac and Lester Ouf-nac, the Appellees. Finding that the district court erred in assessing costs against Ms. Manteris because she is not a party to the interdiction proceeding herein, we vacate in part the judgment of the district court ordering her to pay attorneys’ fees and costs.
In December 2010, Athea G. Helm, the wife of Henry Helm, filed a Petition for Interdiction and Appointment of Curator and Under-Curators seeking to interdict her husband. He was interdicted in January of 2011. Mrs. Helm was appointed as his curatrix and his daughter and son-in-law — Donna Oufnac and Lester Oufnac— were appointed as the undercuratrix and undercurator, respectively.[1] Thereafter, the district court held a hearing on the | amotions to tax costs filed by counsel for Mrs. Helm[2], and counsel for Mr. Helm, Timothy Schafer. The district court awarded counsel for Mrs. Helm attorneys’ fees and costs in the amount of $15,089.82, and ordered Ms. Manteris to pay this amount. The remaining portion of the judgment is not relevant to our review. Ms. Manteris timely appealed the judgment of the district court.
The sole issue raised by Ms. Man-teris on appeal is that the district court erroneously taxed the Appellees’ attorney fees and costs of Mr. Helm’s interdiction proceedings against her because she is a non-party to the proceedings. District courts are vested with much discretion in arriving at an award of attorney’s fees, and such award will not be reversed absent a showing of an abuse of that discretion. Good v. Saia, 2008-0682 (La.App. 4 Cir. 4/8/09), 9 So.3d 1070, 1073, reh’g denied (May 12, 2009), writ denied, 2009-1315 (La.9/25/09), 18 So.3d 73 and writ denied, 2009-1323 (La.9/25/09), 18 So.3d 72 (citing *609 Filson v. Windsor Court Hotel, 2007-0755, 2007-0756, p. 6 (La.App. 4 Cir. 7/23/08), 990 So.2d 63, 67).
Ms. Manteris argues that while the district court may assess costs and attorney fees “against any party, as the court may consider fair” under the Louisiana Code of Civil Procedure, only Mr. and Mrs. Helm are parties to the interdiction. Thus, she argues, the district court should not have rendered judgment against her for the costs and fees of the Appellees’ attorney. She further argues that the proper party to bear attorney fees and costs is the estate |sof the interdict. Additionally, because the Helms are married, Mrs. Helm’s attorney fees and costs are a community debt that should be paid by Mr. Helm’s estate.
Mrs. Helm filed a Motion to Tax Costs in this matter to recover attorney fees, court costs, expert witness fees, copying costs, and costs of trial exhibits from the “objector”, whom she did not identify. Ms. Manteris argues that the district court determined that she was the objector. The Louisiana Code of Civil Procedure specifically provides for assessment of costs associated with interdiction proceedings in Article 4550, which states that the court may render judgment for costs and attorney fees, or any part thereof, against any party, as the court may consider fair. Ms. Manteris asserts that Black’s Law Dictionary defines a “party” as referring “to those by or against whom a legal suit is brought, whether in law or in equity ... all others who may be affected by the suit, indirectly or consequentially, are persons interested, but not parties.” The jurisprudence of this State has interpreted the Article 4550 requirement of fairness as that which is reasonable. According to Article 5052 of the Louisiana Code of Civil Procedure, unambiguous words are not to be disregarded. Further, Article 5053 provides that “[wjords and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed.”
Ms. Manteris avers that she cared for Mr. Helm for one month prior to his interdiction in accordance with his request. She argues that Mr. Helm, in his answer to the Petition for Interdiction, requested that she should be named curatrix over his person and property if he was interdicted. However, Ms. 14Manteris contends she was never served with the Petition for Interdiction; she did not oppose the interdiction proceedings; she never filed any pleadings; and she was never called to testify. Lastly, she argues that she was only present in court during the interdiction proceeding because she was Mr. Helm’s agent by virtue of the Power of Attorney that he executed prior to the institution of the Petition for Interdiction in December 2010; however, her appearance as his agent did not make her a party.
The Appellees argue that Ms. Manteris held herself out as a party to the interdiction proceedings in her capacity as his agent; however, she now wants to escape the district court’s taxing of fees and costs by denying her role in the proceedings was vital and decisive. In support of their position, the Appellees argue that the following factors should be taken in consideration:
1. Counsel for Mr. Helm, Timothy Schafer, represented both Mr. Helm and Ms. Manteris. Indeed, when he made his appearance at trial, he stated that he was representing both Mr. Helm and Ms Manteris. Ms. Manteris sat at counsel table with Mr. Schafer for the entire trial. The district court considered the possibility of a conflict of interest in *610 Mr. Schafer’s representation of both clients.
2. Ms. Manteris was excluded from the sequestration order, which is an exception reserved only for experts and parties pursuant to La. C.E. art. 615.
8. Midway through the interdiction trial, Mr. Schafer admitted to the district court that he was no longer contesting the interdiction. As a result of this admission, the sole inquiry for the district court became whether the power of attorney granted to Ms. Manteris was valid and enforceable.
Lastly, the Appellees argue that the district court found Ms. Manteris to have been responsible, at least in part, for the fees incurred in the prosecution of | Bthis suit. This finding was supported by the Court’s analysis of Ms. Manteris’ acts of intrusion into the supervised nursing care that they arranged for Mr. Helm, including the principal role Ms. Manteris played in removing Mr. Helm from the nursing home without notifying them. They maintain that as a matter of equity, it is unfair and unreasonable for the limited estate of Mr. Helm to be depleted because counsel for Mr. Helm and Ms. Manteris continued with this case even when the need for Mr. Helm to have supervised nursing care was clear to everyone else. They further assert that the district court reasoned that the law firm of Schafer & Schafer and Ms. Manteris went too far in the face of overwhelming evidence that Mr. Helm needed supervised nursing care. Further, they argue that the district court reprimanded both the law firm of Schafer & Schafer and Ms. Manteris for tearing apart a family by pursuing this case even when the need for supervised and guarded nursing care for Mr. Helm was clear to everyone else.
Pursuant to Title VIII of the Louisiana Code of Civil Procedure, entitled Interdiction and Curatorship of Interdicts, the principal parties to an interdiction are: the individual petitioning the court for the interdiction, the person sought to be interdicted referred to as the “defendant”, the curator/curatrix and the undercurator/un-dercuratrix. La. C.C.P. arts. 4541, et. seq. Additionally, La. C.C.P. art. 4543(B) requires the petitioner to mail a copy of the petition to all interested parties — those persons named in the petition — by certified mail within three (3) days of filing the petition. Ms. Manteris does not fit into any of the aforementioned categories of persons, and there is no proof in the record before us that she was served as an interested person in the interdiction | (¡proceeding. Moreover, under our review of the instant record, a third party demand was not made against her under La. C.C.P. art. 1111, the Appellees did not seek to amend their petition to add her as a defendant, nor did Ms. Manteris intervene in the interdiction pursuant to La C.C.P. art. 1091. Indeed, in the judgment at issue, the district court states that Mr. Schafer solely represented Mr. Helm in these proceedings. Although Ms. Manteris may be a client of Mr. Schafer, she is not a party to the instant proceedings.
The Appellees provide no legal authority evidencing that one becomes a party to litigation by playing a “vital and decisive” role in the factual scenario leading up to trial. Moreover, the district court cannot sua sponte make an individual a party to a judicial proceeding regardless of his or her involvement in the matter before the court. The involvement of Ms. Manteris in the care of Mr. Helm may have caused the instant interdiction to become contentious; however, her de facto participation does not make her a party de jure to these proceedings.
*611 Considering that Ms. Manteris did not intervene in the interdiction, that a third party demand was not made against her, that she was not directly sued by the Appellee and further considering that she was not even served as an interested party in the interdiction, we find that it was legal error for the district court to assess costs against her because she was not a party to the interdiction. “A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial.” Hamp’s Constr., L.L.C. v. Hous. Auth. of New Orleans, 10-0816, p. 3 (La.App. 4 Cir. 12/1/10), 52 So.3d 970, 973. "Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable.” Fornerette v. Ward, 2010-1219, p. 4 (La.App. 4 Cir. 5/11/11), 66 So.3d 516, 520, writ denied, 2011-1210 (La.9/23/11), 69 So.3d 1159 (citing Evans v. Lungrin, 970541, 970577 (La.2/6/98), 708 So.2d 731, 735). Thus, we vacate that portion of the March 2011 judgment of the district court ordering Ms. Manteris to pay attorneys’ fees and costs.

DECREE

For the forgoing reasons, the judgment of the district court is vacated in part.
JUDGMENT VACATED IN PART

. Subsequently, Mr. Helm appealed the appointment of Mrs. Helm as his curatrix and sought the appointment of his niece, Ms. Manteris — who was his procuratrix — as his curatrix instead. On appeal to this Court, in case number 201 l-CA-0500, we affirmed the appointment Mrs. Helm as curatrix. The judgment appointing Mrs. Oufnac as undercu-ratrix was reversed, and she was removed as undercuratrix. Lastly, we remanded the case with instructions to the district court to conduct further proceedings, and ordered that all costs are taxed to the interdict's estate.

. In her Memorandum in Support of Motion to Tax Costs, Mrs. Helm sought the assessment of costs and attorneys fees against "the objector” to the interdiction proceedings. We note that the name of "the objector” is not provided therein.